## IRENE R. JEPSON AND ANOTHER v. COUNTRY CLUB MARKET, INC.

155 N. W. (2d) 279.

December 22, 1967—No. 40,457.

*Robb, Robb & Van Eps, Douglas Dale Reid, Jr.,* and *M. W. Gaughan,* for appellant.

*Howard, LeFevere, Lefler, Hamilton & Pearson* and *Rick J. Carlson,* for respondents.

MURPHY, JUSTICE.

This is an appeal from a judgment awarding damages to Irene R. Jepson and her husband, Thomas S. Jepson, resulting from injuries alleged to have been sustained by Mrs. Jepson when a display of soft-drink bottles fell upon her while she was shopping in the supermarket of defendant, Country Club Market, Inc. The damages awarded for disability and expenses because of a severed tendon in her foot are not in issue. Defendant contends that there was no negligence on its part or

that plaintiff was contributorily negligent, and that the court erred in not directing a verdict for defendant.

It appears from the record that on the day of the accident Mrs. Jepson was using a shopping cart while gathering purchases on defendant's premises. She proceeded down an aisle about 6½ feet in width, with merchandise upon permanent racks or shelves on each side. At the end of this aisle, there were temporary displays extending into the aisle on each side approximately 2 feet. The temporary display on plaintiff's right consisted of soft-drink bottles and was approximately 3 feet in depth, 2 feet wide, and about 5 feet high. The bottles were stacked in three tiers or layers and rested upon inverted empty cardboard boxes. The upper two tiers were separated by a cardboard divider. There were loose bottles in the top layer. At the place of these displays, the width of the aisleway narrowed to about 2½ feet. The shopping cart which plaintiff was pushing was loaded with groceries so that the lower front part of the cart's structure was obscured from her view. The shopping cart was 18 inches in width. As she proceeded through this passageway and attempted to turn into a transverse aisle, she moved her cart to the right to avoid contacting a customer who was in her way. As she did so, the front part of the cart made contact with a corner of the display causing the bottles to fall and at least one of them to break.

The innumerable cases in which this court has considered the question of the liability of the shopkeeper and the contributory negligence of the patron are fully gathered in 13B Dunnell, Dig. (3 ed.) § 6987, and many are more recently discussed in Saari v. S. S. Kresge Co. 257 Minn. 290, 101 N. W. (2d) 427; Carter v. Western Union Tel. Co. 270 Minn. 341, 133 N. W. (2d) 833; and Tonne v. Becker Grain & Lbr. Co. 273 Minn. 73, 139 N. W. (2d) 797. It is well settled that a storekeeper owes customers and invitees a duty to exercise reasonable or ordinary care for their safety commensurate with the circumstances involved. The shopkeeper is not an insurer of the safety of its customers or invitees and is not liable for injuries unless they are caused by his negligence or fault.

Defendant relies on Anderson v. Sears, Roebuck & Co. 223 Minn. 1, 26 N. W. (2d) 355, and Smith v. The Emporium Merc. Co. Inc. 190

Minn. 294, 251 N. W. 265, which stand for the proposition that there is no obligation on the part of a shopkeeper to protect a customer against hazards which are known to the customer or which are so apparent that he may reasonably be expected to discover them and be able to protect himself. We think, however, that the issue of negligence and contributory negligence in this case should be viewed in the context of the record, which establishes that plaintiff sustained damages while shopping in a self-service store. In such a store, it is comprehended that the customers devote their major attention to the selection of merchandise in a setting where the owner should anticipate that, throughout the day's business, his employees and the shoppers, who are in a sense both clerks and customers, might disarrange displays of merchandise to such an extent that some of the offered goods contained in glass or metal containers might fall upon the invitees in the aisle when triggered by the slightest disturbance. Millheiser v. Smilen Bros. Inc. 16 Misc. (2d) 343, 183 N. Y. S. (2d) 183; Wooley v. Great A. & P. Tea Co. (W. D. Pa.) 180 F. Supp. 529, affirmed on the issue of damages (3 Cir.) 281 F. (2d) 78; Robinson v. Atlantic & P. Tea Co. 184 Misc. 571, 54 N. Y. S. (2d) 42, affirmed, 269 App. Div. 977, 59 N. Y. S. (2d) 290, appeal denied, 269 App. Div. 1024, 59 N. Y. S. (2d) 623; Sparks v. Allen Northridge Market, 176 Cal. App. (2d) 694, 1 Cal. Rptr. 595. See, also, Keady v. Stix, Baer & Fuller Co. (Mo. App.) 15 S. W. (2d) 379; Garfinkel v. B. Nugent & Bro. Dry Goods Co. (Mo. App.) 25 S. W. (2d) 122; Annotation, 20 A. L. R. (2d) 95; 65 C. J. S., Negligence, § 63(45).

Here, we think that the issue of negligence and contributory negligence was for the jury. The jury could properly find, as it apparently did, that defendant supermarket failed to use reasonable care in the manner in which they arranged the display of bottled goods. The inverted boxes upon which the display rested provided a weak and insubstantial base. The display was not attached to a permanent shelving. The inadequate dividers and the loose bottles on the top layer contributed to its rickety structure. It should have been readily foreseeable under the circumstances that shoppers, using shopping carts which are not always easily maneuverable, might run the risk of contacting the display and disturbing its balance. Moreover, we are satisfied that the

jury could conclude that plaintiff was not negligent in failing to perceive the flimsy structure of the display and to detect the hazard which it presented.

Affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.