RUTH M. JENSEN v. ALLIED CENTRAL STORES, INC., d.b.a. DONALDSON'S.

167 N. W. (2d) 739.

May 2, 1969—No. 41918.

*Cragg, Bailly & Herzog,* for appellant.

*Cummins, Gislason & Sheahan* and *Paul A. Joyce, Jr.,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Peterson, JJ.

OTIS, JUSTICE.

This is a claim against a department store, arising out of a fall which plaintiff sustained on a stairway while reaching for a hat on display adjacent to the stairway. The trial court dismissed the action at the conclusion

of plaintiff's testimony on the ground she had failed to prove actionable negligence on the part of defendant.

At the time of her injury on September 19, 1966, plaintiff, Ruth M. Jensen, was 74 years of age. She and a friend went to Donaldson's Department Store, made some minor purchases, and were on their way out of the store when Mrs. Jensen observed some bonnets in the ladies' hat department. She went to the counter, selected a hat, and handed it to the clerk, who put it in a bag. As she was about to pay the clerk, another hat caught her eye. Accordingly, she walked around the counter and stopped at the head of the stairs. She testified:

"A. * * * I knew they were there, but I wasn't aware that I was so close.

"Q. And how did you know that the stairs were there?

"A. Well, I walked those stairs hundreds of times.

"Q. Are you an old customer of Donaldson's?

"A. I certainly am.

* * * * *

"Q. Now, what happened as you were reaching for the second bonnet?

"A. Well, I was going to reach up and I couldn't quite reach, so I just made a little move with my left foot and that just made it so I went down."

Before Mrs. Jensen could reach the second hat, she fell down the four steps adjoining the counter and sustained serious injury.

Plaintiff contends that a jury could find defendant negligent in placing a display rack next to a stairway where purchasers might be distracted and fall, as plaintiff did. However, no Minnesota case has gone so far in allowing recovery. There are significant differences in Lincoln v. Cambridge-Radisson Co. 235 Minn. 20, 49 N. W. (2d) 1, on which plaintiff strongly relies. There, a customer of a coffeeshop fell from a step adjacent to a cashier's stand as she was paying her bill. Plaintiff was awarded damages and we affirmed. In the Lincoln case, it was plaintiff's first visit to the lunchroom and her vision of the step was obstructed by an abutment in the wall and by plants in boxes bordering her passageway. The step itself was described as "not too well" illuminated and "very dim." By way of contrast, in the instant case Mrs. Jensen was thoroughly familiar with the

store and had used the stairs where she fell "hundreds of times." They were well lighted and protected on both sides by handrails.

We have held that the presence of distracting displays does not in itself constitute negligence or excuse patrons from seeing steps which are obvious. Anderson v. Sears, Roebuck & Co. 223 Minn. 1, 26 N. W. (2d) 355; Johnson v. R. E. Tapley, Inc. 272 Minn. 19, 136 N. W. (2d) 538. Plaintiff cites two other cases as authority for recovery. Peterson v. W. T. Rawleigh Co. 274 Minn. 495, 144 N. W. (2d) 555; Jepson v. Country Club Market, Inc. 279 Minn. 28, 155 N. W. (2d) 279. In the Peterson case we were dealing with the liability of a plant owner for maintaining a parking lot in an icy condition where elderly salesmen could be expected to attempt to cross. There, the condition was patently dangerous but there were compelling reasons for salesmen to attempt to traverse the area, and we held that a jury could find that the owner should have anticipated this possibility. In that case the plaintiff's livelihood was involved, while here Mrs. Jensen was under no such compulsion. In Jepson, plaintiff was injured when in maneuvering a cart through a narrow aisle of a supermarket she struck a display of bottled goods which had been negligently piled and seriously injured her when they broke. Unlike the property owner in the Jepson case, Donaldson's was not a self-service store. Here there was no necessity for plaintiff to reach for the hat which she wished to look at since the clerk was waiting on her for that purpose.

Under all of these circumstances, we think the trial court was correct in holding that the store could not be held negligent in displaying hats on the stand adjacent to the four steps where Mrs. Jensen fell. The judgment is therefore affirmed.

Affirmed.