KARI MARIE SZYPLINSKI, A MINOR, BY
HER FATHER AND NATURAL GUARDIAN, RICHARD
J. SZYPLINSKI, AND ANOTHER v. MIDWEST
MOBILE HOME SUPPLY COMPANY, INC., AND OTHERS.
BERNICE A. SZYPLINSKI, THIRD-PARTY DEFENDANT.

241 N. W. 2d 306.

April 9, 1976—No. 45756.

*Jardine, Logan & O'Brien* and *Michael J. Healey*, for appellants.

*Collins & Buckley, Michael J. Sauntry,* and *Edward E. Coleman,* for plaintiff respondents.

Heard before Rogosheske, Todd, and Breunig, JJ., and considered and decided by the court en banc.

ROBERT J. BREUNIG, JUSTICE.*

Defendant storekeepers appeal from an order denying their motion for judgment n. o. v. or for a new trial and from judgment entered on a jury verdict finding that a negligent display in their store was the proximate cause of injuries to plaintiff, a minor child. We affirm.

Midwest Mobile Home Supply Co., Inc., and Snowmobile Specialties, Inc., together maintained a retail store in which was displayed a shop lift, designed and produced by Griswold Manufacturing Co., Inc., for the purpose of raising and lowering snowmobiles incident to repairs. This lift had been displayed on the sales floor without accident every winter since 1968. On December 3, 1970, Richard and Bernice Szyplinski, with their

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

daughter, Kari, aged 3 years and 9 months, entered the store to purchase snowmobile helmets. While her parents were paying for their helmets at the checkout counter, Kari climbed the shop lift, which toppled over upon her.

For her injuries, Kari, through her father as natural guardian, sued Midwest and Snowmobile Specialties for negligence in displaying the shop lift and Griswold for products liability. Defendants answered that Kari's injuries were due to her own negligence. Further, in a counterclaim against Richard Szyplinski and a third-party complaint against Bernice Szyplinski, defendants alleged negligent parental supervision and sought contribution or indemnity. The court found as a matter of law that Kari was not negligent. They jury found on special interrogatories that the parents were not negligent in supervising their child, that Griswold had not been negligent in design and production of the shop lift, but that Midwest and Snowmobile Specialties had displayed the lift in a negligent manner. Midwest and Snowmobile Specialties appeal.

On appeal, appellants do not challenge the jury findings that the parents were not negligent in supervising their child and that Griswold had not been negligent in design and production of the shop lift. However, with respect to the finding that they had displayed the lift in a negligent manner, appellants argue (1) that plaintiff's injury was not foreseeable because they had neither actual nor constructive notice that the lift was dangerous; (2) that they had a right to display the lift and the utility of their conduct outweighed the risk; (3) that the jury's answers to special interrogatories were perverse because storekeepers could not be negligent in displaying a product which was not inherently dangerous as a result of defective design or manufacture; and (4) that the intermeddling of plaintiff was the proximate intervening cause of this accident.[1]

---

[1] On the liability of storekeepers for injuries to children climbing on displays and the contributory negligence of the intermeddling child or supervising parents, see generally, Annotation, 50 A. L. R. 3d 1227.

In Peterson v. Balach, 294 Minn. 161, 173, 199 N. W. 2d 639, 647 (1972), we prospectively abolished the traditional distinction between licensees and invitees in all causes of action arising after July 14, 1972. Since this cause of action arose on December 3, 1970, the trial judge correctly instructed the jury on the law of business visitors or invitees in language derived from 4 Hetland & Adamson, Minnesota Practice, Jury Instruction Guides (2 ed.) JIG II, 333.1 G-S.

In Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 536, 261 N. W. 194, 196 (1935), this court adopted the rule applicable to this case now summarized in Restatement, Torts 2d, § 339, as follows:

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a)    the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b)    the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c)    the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d)    the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e)    the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

In Peterson v. Richfield Plaza, Inc. 252 Minn. 215, 221, 89 N. W. 2d 712, 717 (1958), we applied the Restatement rule to children licensees, stating:

"* * * A child who is a licensee has at least all the rights of a trespasser and probably some more."

Under traditional terminology, the child of store customers would be a business invitee. Annotation, 44 A. L. R. 2d 1319, 1329; Prosser, Torts (4 ed.) § 61, p. 387; Pepperling v. Emporium Mercantile Co. Inc. 199 Minn. 328, 330, 271 N. W. 584, 585 (1937). As such, plaintiff is entitled to greater protection than a licensee. Restatement, Torts 2d, § 343, comment b.

Appellants' first argument focuses on condition (b) of the Restatement, Torts 2d, § 339. They contend that they had neither actual nor constructive notice that the display presented an unreasonable risk of harm to children because no accidents had occurred before. However, appellants overlook their duty toward invitees to exercise reasonable care to investigate and discover dangerous conditions. Restatement, Torts 2d, § 343; Prosser, Torts (4 ed.) § 61. Therefore, the question presented is not simply whether appellants knew that the display was unstable, but whether they could have discovered the instability by inspection and reasonably have foreseen injury to intermeddling children. While we might on other facts hold as a matter of law that a storekeeper has no reason to anticipate injury from a display, as in Pepperling v. Emporium Mercantile Co. Inc. *supra* (boy closed lid of cedar chest on his finger), generally the better rule is to submit the issue of foreseeability to the jury. Prosser, Torts (4 ed.) § 37, p. 207; 65A C. J. S., Negligence, § 252, p. 817; Peterson v. W. T. Rawleigh Co. 274 Minn. 495, 497, 144 N. W. 2d 555, 558 (1966). Under the instructions given, the jury could not have found appellants negligent without implicitly finding the accident foreseeable through reasonable inspection of the lift. The jury verdict will be accorded great deference if supported by sufficient evidence. Foss v. Mahal, 304 Minn. 350, 358, 230 N. W. 2d 604, 608 (1975). Here, appellants have conceded in their brief that "[a]ny person of normal intelligence can tell that a shop lift * * * will fall over if it is * * * climbed on." The greater duty owed to invitees makes *"reason to know"* in the Restatement, Torts 2d, § 339, condition (b), also mean *reasonably discoverable* as well as actually known, and therefore appellants

cannot seriously contend that the jury's verdict was without sufficient evidentiary support.

Appellants' second argument focuses on condition (d) of Restatement, Torts 2d, § 339, asserting their property right to sell the lift and the utility of displaying it in the manner which here resulted in an accident. However, the rights asserted are not absolute. The jury was required to balance the foreseeable risk to children against the burden of eliminating the danger by displaying the lift in a safer manner. Plaintiff has suggested that the lift could not be climbed if it were displayed against a wall; guarded by a restrictive railing; fastened to the floor; or perhaps only shown in a proximate warehouse where children would not be invited, since it is primarily sold to dealers and mechanics. The jury could reasonably have found that the burden of any of these alternatives was relatively slight.

Third, appellants argue (a) that the jury could not find them negligent in displaying a product unless that product was inherently dangerous, and (b) that by exonerating the manufacturer Griswold, the jury found the lift was not inherently dangerous. Griswold was tried on a products liability theory, and the jury verdict in favor of Griswold was apparently based on plaintiff's failure to prove that the lift was "dangerous for the uses for which it [was] manufactured." Restatement, Torts 2d, § 398. The intended use did not include climbing. Therefore, the jury exoneration of Griswold is not inconsistent with a finding of negligent display. Storekeepers may be liable for negligent display of products which are not inherently dangerous. See, e. g., Jepson v. Country Club Market, Inc. 279 Minn. 28, 155 N. W. 2d 279 (1967) (display of soft drink bottles fell upon customer when bumped by shopping cart).

Finally, appellants argue that the intermeddling of plaintiff was the sole cause of this accident. However, if the conditions of the Restatement, Torts 2d, § 339, are satisfied, the conduct of the child will rarely constitute the proximate cause of an ac-

cident. Doren v. Northwestern Baptist Hospital Assn. 240 Minn. 181, 191, 60 N. W. 2d 361, 368, 42 A. L. R. 2d 921, 929 (1953). Affirmed.