*858 OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered August 7, 1985 affirmed.
We find that a corporation may be the subject and victim of aggravated harassment in the second degree under Penal Law § 240.30. That statute provides in relevant part:
"A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he:
"1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone * * * in a manner likely to cause annoyance or alarm; or
"2. Makes a telephone call, whether or not a conversation ensues, with no purpose; of legitimate communication”.
The prosecution established, beyond a reasonable doubt, a course of conduct consisting of a barrage of threatening telephone calls by defendant to corporate officers of the Federation of Jewish Philanthropies, made at all hours of the day and night at their homes and offices, intended to influence the corporation’s decision-making process as regards employment within its beneficiary agencies, in which defendant demanded that a certain employee be fired on pain of a campaign by defendant to impair the Federation’s ability to carry out its charitable function. Defendant’s words and actions exceeded the bounds of legitimate communication and constituted harassment, or so a jury could reasonably find. A corporation may be the object of extortionate or coercive threats (People v Lamm, 292 NY 224; United States v Lewis, 797 F2d 358), and in the situation where repeated telephone threats are directed to corporate officers in their official capacities concerning corporate affairs, it is fair to conclude that the corporation itself has been disrupted or harassed. Hence, it is appropriate that a corporation, as well as an individual, be construed as a "person” within the intendment of the statute (Penal Law § 10.00 [7]).
As to defendant’s argument that he was not tried upon a proper accusatory instrument, it is evident from the trial minutes that defendant’s counsel made a knowing election to proceed to a determination on the merits and ratified the procedure adopted by the court for conversion of the com *859 plaint to an information (see, People v Connor, 63 NY2d 11).
Defendant’s appellate argument that the statute is void for vagueness was not raised below and is, in any event, unavailing (People v Smith, 89 Misc 2d 789; cf., People v Dupont, 107 AD2d 247).
Hughes, P. J., Riccobono and Ostrau, JJ., concur.