892 F.2d 20
 Harry Theodore KATZ, Appellant,
v.
Robert MORGENTHAU, Harold Wilson, Sandra Gabrilove, Paul
Giddins, Joseph Hardiman, Daniel McKenna, Joseph
Cannizzarro, Joan Steproe, the City of New York, Daniel
Shapiro, Paul Roth, Schulte, Roth & Zabel, Federation of
Jewish Philanthropies of New York, Joyce Dubensky, William
Kahn, Marilyn Lipman, United Jewish Appeal, Inc., Anita
Sarno, Associated YM-YWHAs of Greater New York, Inc., Samuel
Field YM-YWHA, Jay Roth, Noel Nathanson, Michelle Stern, Appellees.
 No. 193, Docket 89-7391.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 23, 1989.
Decided Dec. 12, 1989.
 
 Harry T. Katz, Rockaway Beach, Queens, N.Y., pro se.
 Marc Frazier Scholl, Asst. Dist. Atty. (Robert M. Morgenthau, Dist. Atty. for New York County, Mark Dwyer, Asst. Dist. Atty., of counsel), for appellees Morgenthau, Wilson, Gabrilove, and Giddins.
 Helena Lee, Asst. Corp. Counsel (Peter L. Zimroth, Corp. Counsel for the City of New York, Stephen J. McGrath, Asst. Corp. Counsel, of counsel), for appellees City of New York, Hardiman, McKenna, Steproe, and Cannizzarro.
 James L. Fischer, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for appellees Shapiro, Roth; Schulte, Roth & Zabel; Federation of Jewish Philanthropies of New York; Dubensky; Kahn; Lipman; Associated YM-YWHA of Greater New York, Inc.; Samuel Field YM-YWHA; Roth; Nathanson; and Stern ("Federation Appellees").
 Michael F. Close, Barry, McTiernan & Moore, New York City, for appellees United Jewish Appeal and Sarno.
 Before OAKES, Chief Judge, KEARSE and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harry Katz, pro se, appeals from a judgment of the United States District Court for the Southern District of New York, Constance Baker Motley, Judge, granting summary judgment dismissing his action alleging various civil rights violations on the part of twenty-three separate defendants. We reverse the grant of summary judgment as to Katz's 42 U.S.C. § 1983 (1982) claim arising out of an allegedly illegal search, but affirm as to all others.
 
 
 2
 In brief, Katz's action stems from his arrest and subsequent prosecution ultimately leading to his conviction for aggravated harassment in the second degree under N.Y. Penal Law § 240.30 (McKinney Supp.1989). The twenty-three defendants in this action may be divided into roughly three categories: those involved in Katz's arrest, those involved in Katz's prosecution, and those involved either in filing the initial complaint against Katz or in testifying against him. In the district court, Katz pursued various causes of action under federal civil rights statutes, 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 & 1988 (1982), and New York state law.
 
 
 3
 In a detailed and thorough decision, see 709 F.Supp. 1219 (S.D.N.Y.1989), Judge Motley granted summary judgment dismissing the federal claims and then accordingly dismissed the state law claims as lacking a sufficient jurisdictional basis. On appeal, Katz contends both that the district court committed numerous procedural errors and that the district court did not apply the correct legal standards governing his substantive claims for relief.
 
 
 4
 Katz first objects to the district court's failure to consider his motion seeking leave to amend his first amended complaint with a second amended complaint. Katz filed the second amended complaint, which was thirty-five single spaced pages long and contained 227 numbered paragraphs, on May 20, 1987, approximately eleven to fifteen months after the various defendants had moved to dismiss, thirteen months after he had filed his first amended complaint, and sixteen months after he had filed his initial complaint. Although Fed.R.Civ.P. 15(a) encourages liberal amendment, a district court's refusal to allow amendment is reversible only upon abuse of discretion. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988). Given the scope of Katz's second amended complaint and the stage of the litigation at which he presented it, the district court's refusal to grant leave to amend was not an abuse of discretion.
 
 
 5
 Next, Katz objects to the district court's failure to consider his claims against the police officer defendants as against them in their individual capacities. Because Katz added the individual capacity claims on his second amended complaint, which, as noted above, was not properly amended, the district court did not err in failing to consider these claims.
 
 
 6
 Katz also contends that the district court erred in not granting him oral argument, or, alternatively, in not referring his case to a magistrate for more expeditious resolution of the non-dispositive issues in his case. A district court's determination not to avail itself of either oral argument or the services of a magistrate rests squarely within its discretion, see S.D.N.Y. & E.D.N.Y. Civ.R. 3(i) ("The [district] judge ... may determine [motions] without oral hearing."); 28 U.S.C. § 636(b)(1)-(2) (1982) (district judge "may" designate magistrate to perform certain duties), and we accordingly find no error.
 
 
 7
 Katz additionally contests what he considers the district court's inaccurate description of the facts giving rise to his arrest and eventual conviction. Regardless of how the district court interpreted the relevant background facts, its interpretation of these facts was immaterial to its findings that Katz's claims were fatally insufficient. Consequently, Katz's contention relating to the district court's statement of facts provides no ground for reversal.
 
 
 8
 With regard to Katz's substantive contentions, we reverse the district court's dismissal of Katz's section 1983 claim alleging that the New York City police officers who arrested him on October 19, 1984, seized his gun and gun permit in violation of the Fourth Amendment. To maintain a section 1983 claim against a municipality or its agents in their official capacities,[1] a plaintiff must show that the municipality's agents engaged in unconstitutional actions that were visited upon plaintiff pursuant to an official policy or custom. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-95, 98 S.Ct. 2018, 2035-38, 56 L.Ed.2d 611 (1978). Here, the municipal defendants concede that their seizure of Katz's gun and permit incident to the arrest of Katz was pursuant to an official New York Police Department regulation.[2] Thus, if Katz can establish facts to support his claim that the police officers' actions were unconstitutional, a sufficient link between the officers' actions and municipal policy exists to allow Katz to bring a section 1983 claim against the city.
 
 
 9
 Resolution of Katz's allegations of a Fourth Amendment violation, however, requires further factual development. Although police officers may seize items incident to a lawful arrest which pose an immediate threat to their security or constitute evidence in danger of being destroyed, they may not embark upon a general search of the premises beyond the arrestee's body or area of reach. See Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Exceptions to this rule include: (a) items that were in plain view at the time of the security check incident to the arrest, see United States v. Gomez, 633 F.2d 999, 1008 (2d Cir.1980), cert. denied, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 194 (1981); (b) items that were seized with the consent of the person lawfully in control of the property, see Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); United States v. Vasquez, 638 F.2d 507, 524 (2d Cir.1980), cert. denied, 450 U.S. 970, 101 S.Ct. 1490, 67 L.Ed.2d 620 (1981), 454 U.S. 847, 102 S.Ct. 165, 70 L.Ed.2d 135 (1981), 454 U.S. 975, 102 S.Ct. 528, 70 L.Ed.2d 396 (1981); or (c) items that were seized under exigent circumstances. See United States v. Cattouse, 846 F.2d 144, 148 (2d Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 316, 102 L.Ed.2d 335 (1988); see also Welsh v. Wisconsin, 466 U.S. 740, 753, 104 S.Ct. 2091, 2099, 80 L.Ed.2d 732 (1984); Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). If, as Katz contends, the police officers who arrested him seized without his consent his gun and gun permit located in a box inside a closet, considering the crime charged here, Katz may have been deprived of his rights under the Fourth Amendment. His section 1983 claim was thus prematurely dismissed by the district court.
 
 
 10
 As pertains to the remainder of Katz's challenges to the district court's dismissal of his action, we see no need to add to the district court's thorough analysis explaining the reasons for granting summary judgment. Consequently, as to Katz's remaining claims of error, we affirm on the basis of the district court's opinion below.
 
 
 11
 Finally, we note that throughout his papers and oral argument, Katz argues that he is the only person in history to have been convicted of annoying a corporation. Katz raised this same point in appealing his conviction to the Appellate Term of the Supreme Court of New York, see People v. Katz, 135 Misc.2d 857, 518 N.Y.S.2d 721 (1st Dep't), appeal denied, 70 N.Y.2d 713, 513 N.E.2d 1316, 519 N.Y.S.2d 1048 (Ct.App.1987), and in seeking to appeal that affirmance to the United States Supreme Court, which dismissed his appeal for want of a substantial federal question. See Katz v. New York, 484 U.S. 960, 108 S.Ct. 446, 98 L.Ed.2d 387 (1987). If the Supreme Court sees such a want, we cannot see differently. Accordingly, we see no claim cognizable under the federal civil rights statutes on this ground.
 
 
 12
 Judgment reversed in part and affirmed in part.
 
 
 
 [1]
 As noted above, Katz's operative complaint in this action did not pursue claims against the police officers in their individual capacities; rather, it proceeded only against New York City in connection with the officers' allegedly unconstitutional seizure
 
 
 [2]
 The New York City Police Department Administrative Guide, Procedure 321-7, Rev. 86-1 (March 1986) provides, in pertinent part, that "[w]hen a holder of a pistol license ... is arrested, the pistol license and firearm(s) concerned will be confiscated immediately."