DAYTON HUDSON CORPORATION, Petitioner, Appellant,

v.

Artie JOHNSON, Respondent.

No. C1-94-1961.

Court of Appeals of Minnesota.

Feb. 28, 1995.

---

Brian A. Wood, Michael J. McGuire, Rider, Bennett, Egan & Arundel, Minneapolis, for appellant.

Artie Johnson, pro se.

Considered and decided by LANSING, P.J., and KALITOWSKI and SHORT, JJ.

## OPINION

LANSING, Judge.

A department store seeks to file a petition for a restraining order under Minn.Stat. § 609.748. The district court ruled that a corporation does not fit the statutory definition of a person entitled to a restraining order. We hold that a corporation can be considered a person under the statute and reverse.

## FACTS

The Dayton Hudson Corporation filed a petition under Minn.Stat. § 609.748 for a restraining order against Artie Johnson. The petition alleged twelve separate incidents in which Johnson kicked, hit, and severely bit several of the department store's loss prevention employees while stealing merchandise. The district court granted Dayton's a temporary restraining order prohibiting Johnson from coming within five feet of the Nicollet Mall store.

Two weeks later Johnson did not appear at the scheduled hearing because he was incarcerated in the Hennepin County jail. The

referee dismissed Dayton's petition without prejudice and vacated the temporary restraining order. The referee found that Dayton's did not fit the statutory definition of a person entitled to petition for a restraining order. The district court approved these findings and Dayton's appeals.

## ISSUE

Is a corporation entitled to relief under Minn.Stat. § 609.748?

## ANALYSIS

Under Minn.Stat. § 609.748, a district court may issue a restraining order upon the petition of "a person who is a victim of harassment." Minn.Stat. § 609.748, subd. 2 (1994). The statute defines harassment as "repeated, intrusive, or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another." *Id.* at subd. 1(a)(1).

Neither Minn.Stat. § 609.748 nor chapter 609 in its entirety defines person. The legislature, however, generally defines person to include "bodies politic and corporate." Minn. Stat. § 645.44, subd. 7 (1994); *see also State v. Christy Pontiac–GMC,* 354 N.W.2d 17, 19 (Minn.1984) (finding corporation person under criminal code); *Magnusson v. American Allied Ins. Co.,* 290 Minn. 465, 474, 189 N.W.2d 28, 34 (1971) (citing Minn.Stat. § 645.44, subd. 7 in finding corporation person under civil statute). *But cf. CNA Fin. Corp. v. Local 743 of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.,* 515 F.Supp. 942, 946 (N.D.Ill.1981) (in common law action for invasion of privacy, personal right to privacy not extended to corporation). The legislature mandates application of this definition to all Minnesota statutes or legislative acts, unless another intention clearly appears. Minn.Stat. § 645.44, subd. 1 (1994).

 Statutory interpretation presents a question of law which we review de novo. *State v. Zacher,* 504 N.W.2d 468, 470 (Minn. 1993). In ascertaining legislative intent, we presume that the legislature does not intend an absurd result. Minn.Stat. § 645.17(1) (1994). We also presume that the legislature

understood the effect of its words. *In re Phillips' Trust,* 252 Minn. 301, 306, 90 N.W.2d 522, 527 (1958). Because the legislature did not expressly define the term person in Minn.Stat. § 609.748, we use the legislature's general definition to determine that a corporation is a person under this statute. Because Dayton's is a corporation under the Minnesota Business Corporation Act, *see* Minn.Stat. § 302A.011, subd. 8 (1992), we conclude that it is a person entitled to seek a restraining order under the anti-harassment statute.

Interpreting Minn.Stat. § 609.748 to include corporations as persons does not lead to an absurd result. We note that at least one other jurisdiction has determined that corporations are persons within the meaning of its harassment statute. In *People v. Katz,* a New York appellate court held that the state's aggravated harassment statute applied to a corporation when it was subject to repeated threatening phone calls. 135 Misc.2d 857, 518 N.Y.S.2d 721, 722 (N.Y.App. Div.1987), *pet. for rev. denied* (N.Y. Aug. 20, 1987). "[I]n the situation where repeated telephone threats are directed to corporate officers in their official capacities concerning corporate affairs, it is fair to conclude that the corporation itself has been disrupted or harassed." *Id.*

Several policy arguments also support reading the statute to permit a corporation to seek a restraining order. As a corporate employer, Dayton's has a duty to its employees to provide a safe work environment. *See Dawley v. Thisius,* 304 Minn. 453, 456, 231 N.W.2d 555, 558 (1975). As a shopkeeper, Dayton's also owes its customers a duty to exercise reasonable care for their safety. *See Jepson v. Country Club Market, Inc.,* 279 Minn. 28, 29, 155 N.W.2d 279, 280 (1967). Allowing Dayton's to petition for a restraining order against Johnson would afford it another means of fulfilling these duties. Dayton's also argues that it is more economical for the courts and Dayton's to allow a petition in Dayton's name on behalf of the employees Johnson has harassed, than to require a petition by each individual who fits the narrower definition of a natural person.

■ Because it was error to exclude a corporation from the protection of Minn.Stat. § 609.748, we remand for a hearing to determine whether reasonable grounds exist for believing that Johnson engaged in harassment. We also observe that the temporary restraining order was overly broad in prohibiting Johnson from contacting the store or its employees in person or by telephone, in addition to the legitimate restraint on coming within five feet of the Nicollet Mall store.

## DECISION

A corporation fits the statutory definition of a party entitled to a restraining order under Minn.Stat. § 609.748.

**Reversed and remanded.**