## RALPH TONNE v. BECKER GRAIN & LUMBER COMPANY, INC., AND ANOTHER.

139 N. W. (2d) 797.

January 14, 1966—No. 39,790.

---

[1] See, State v. Harding, 260 Minn. 464, 110 N. W. (2d) 463.

*C. Allen Dosland* and *Gislason, Reim, Alsop & Dosland,* for appellants.

*Newton A. Johnson* and *Seifert, Johnson & Hand,* for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment in favor of plaintiff for personal injuries alleged to have been sustained as a result of defendants' negligence. It is contended by defendants that the record compels a finding that there was no negligence on their part which proximately caused the injuries and that as a matter of law plaintiff was contributorily negligent. Defendants claim that the trial court erred in denying their motion for judgment notwithstanding the jury's verdict.

From the record it appears that at the time of the accident defendant company was engaged in the retail sale of lumber. Its business was conducted in a building 100 feet in length and 50 feet in width. A driveway extended through the length of the building which permitted trucks or other vehicles to be driven into the building and loaded with lumber, which was stored in bins on either side of the driveway. Light entered through the doors and through a small window in the center of the south side of the building. On the day of the accident, plaintiff, a farmer, was on defendant's premises as a customer to purchase lumber. He had driven his truck into the building and had stopped at about the center of it. There are two saws located roughly at the center of the building, an overhead saw on the north side and a table saw on the south side. The table saw on which plaintiff was injured was part of a combination saw and jointer machine. The saw was circular and protruded about 1⅝ to 1¾ inches above the surface of the table. The table top was approximately 3 feet from the floor. There was a "rip fence" on the table top located

about 2 inches north of the saw blade and about 2½ inches in height. Attached to the machine was a guard designed to be placed over the circular saw while it was in operation. At the time of the accident, the guard was not in place. The saw and jointer were operated by the same motor. They could not be operated independently. Although in operation the saw blade made a whistling noise, it could not be heard over the noise of the jointer when the latter was being used.

Shortly prior to the accident plaintiff had purchased a number of pieces of lumber for the purpose of repairing the box of his truck. He was waited on by defendant salesman, Donald Swift. Plaintiff assisted Swift in loading the lengths of lumber into the truck. The purchase included a stake to be placed at the rear of the truck. To make this stake it was necessary for the salesman to cut a small board down to the proper size. In cutting the piece of lumber down to the desired size, the jointer was employed. While plaintiff's attention was focused on the manner in which the salesman was shaping the stake, he rested his left hand on the table top, it was caught in the saw blade, and his index finger was severed. It appears that plaintiff came to the lumberyard two or three times a year and was familiar with the general layout of the property. About 10 or 12 years prior to the accident, plaintiff had assisted an employee of defendant company in sawing two-by-fours on this machine. But it does not appear that his activities on that occasion were such as to make him familiar with the operation of the combination saw and jointer.

Defendants rely on Zuercher v. Northern Jobbing Co. 243 Minn. 166, 66 N. W. (2d) 892, and Erickson v. Quarstad, 270 Minn. 42, 132 N. W. (2d) 814, in support of the assertion that plaintiff was negligent as a matter of law. Plaintiff also cites Zuercher v. Northern Jobbing Co. *supra,* but particularly relies on the recent case of Carter v. Western Union Tel. Co. 270 Minn. 341, 133 N. W. (2d) 833. In the latter case it was held that the occupier, having knowledge of the presence of a dangerous condition upon the premises where business visitors were invited and expected to be, was negligent in failing to use reasonable precaution to remove the hazard or warn of its presence. The governing rule with reference to the duty of the occupier to the business visitor is expressed in Restatement, Torts (2d) § 341A, as follows:

"A possessor of land is subject to liability to his invitees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if, he should expect that they will not discover or realize the danger, or will fail to protect themselves against it."

The duty of the occupier to the business visitor has been discussed in numerous Minnesota cases.[1] The sense of these authorities is that the owner or occupant of the premises does not insure the safety of the invitee; nevertheless, he is bound to exercise ordinary or reasonable care to keep the premises in safe condition for those who come upon them by his express or implied invitation. The invitee is under the corresponding duty to exercise reasonable care for his own safety and to observe that which is obvious to the ordinarily prudent person.

In applying these rules to the facts before us, the question arises as to whether defendants should have anticipated that the invitee in the course of his business upon the premises would be exposed to the dangers of the exposed saw blade so as to impose upon defendants a duty to warn and protect against possible injury, or whether the danger was so open and obvious as to make such precautions unnecessary.

In resolving the issue presented it should be conceded at the outset that at the time of the accident plaintiff was an invitee to whom defendant owed the duty to exercise reasonable care for his protection. We take it that this duty comprehends an obligation to warn against dangers to be reasonably anticipated while the invitee is within the area and scope of his invitation. It should also be conceded that at the time of the accident

---

[1] Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586; Theisen v. Minnesota Power & Light Co. 200 Minn. 515, 274 N. W. 617; Dunham v. Hubert W. White, Inc. 203 Minn. 82, 279 N. W. 839; Yeager v. Chapman, 233 Minn. 1, 45 N. W. (2d) 776, 22 A. L. R. (2d) 1260; Lincoln v. Cambridge-Radisson Co. 235 Minn. 20, 49 N. W. (2d) 1; Johnson v. Brand Stores, Inc. 241 Minn. 388, 63 N. W. (2d) 370; Zuercher v. Northern Jobbing Co. 243 Minn. 166, 66 N. W. (2d) 892; Standafer v. First Nat. Bank, 243 Minn. 442, 68 N. W. (2d) 362; Graalum v. Radisson Ramp, Inc. 245 Minn. 54, 71 N. W. (2d) 904; Meyer v. Mitchell, 248 Minn. 397, 80 N. W. (2d) 450; Lyon v. Dr. Scholl's Foot Comfort Shops, Inc. 251 Minn. 285, 87 N. W. (2d) 651; Klingbeil v. Truesdell, 256 Minn. 360, 98 N. W. (2d) 134.

plaintiff was in a place on the premises where he had a right to be. In considering the circumstances out of which the accident arose, it should further be conceded that a circular saw operated at high speed by an electric motor is inherently dangerous even to one who operates it. The manufacturer has recognized this fact by providing a guard to be placed over the saw while it is in operation. Moreover, the combination saw and jointer was located in an area open to the use of customers. No warning of possible danger was given either by word or sign. On the basis of the record before us the jury could consider whether under all of the circumstances the whirring saw, located as it was next to the rip fence and moving at a high rate of speed, was readily visible to plaintiff. The jury could consider the fact that the saw teeth would not be visible and that the sound of the saw could not be heard or recognized above the din caused by the operation of the jointer. It seems to us under these circumstances that the jury could well find that defendants were negligent in failing to warn or protect against the existence of a dangerous condition to which their customer might be exposed.

The question remains as to whether plaintiff was contributorily negligent in placing his hand where he did. It appears that while the moving circular saw would be apparent to him had his attention been directed to it, we think that the jury in measuring his conduct by the standard of care the reasonably prudent person would exercise under the same or similar circumstances might well conclude that at the time of the injury he was understandably distracted so that he would not likely see the dangerous condition to which he was exposed. Here, plaintiff and defendant salesman were engaged in a common activity. They had completed loading the truck and plaintiff was preoccupied with observing how the remaining part of his order was being processed. The jury might well find that under the circumstances he would not expect that a part of the machine next to where he was standing and which was not in use was dangerous. We accordingly conclude that both the issues of negligence and contributory negligence were properly submitted to the jury.

Affirmed.

KNUTSON, CHIEF JUSTICE (dissenting).

I dissent. A power saw is a necessary piece of equipment in a lumber-

yard. The dangers of such a piece of equipment are open and apparent to anyone. I cannot see that defendants were guilty of any act of negligence in maintaining and using such a saw, and certainly, if they were, plaintiff was guilty of contributory negligence in not avoiding the dangers apparent to any adult of ordinary intelligence. The case is governed by Erickson v. Quarstad, 270 Minn. 42, 132 N. W. (2d) 814. If an invitee in a blacksmith's shop sticks his hand into a forge, he ought to know he is going to be burned; and similarly, if an invitee in a lumberyard puts his hand in a moving buzz saw, he ought to know he is going to be cut.

I am not persuaded that the noise of the jointer was a distracting circumstance. A jointer makes noise only while lumber is being run over it, and the whirr of a buzz saw is a constant noise furnishing its own warning of danger.

THOMAS GALLAGHER, JUSTICE (dissenting).
I concur in the dissent.

ROGOSHESKE, JUSTICE (dissenting).
I agree with the views expressed by Mr. Chief Justice Knutson.