ROBERT L. COPPLEY, ADMINISTRATOR OF G. F. COPPLEY, DECEASED v. MILES MILLARD CARTER, JR.

No. 7122SC161

(Filed 24 February 1971)

1. **Appeal and Error §§ 30, 48— failure to strike unresponsive testimony**

   In this wrongful death action, the trial court did not err in the denial of plaintiff's motion to strike as unresponsive testimony by defendant regarding the reasonableness of defendant's speed when he attempted to pass decedent's car, where the unresponsiveness resulted from an argument with defendant by plaintiff's counsel during cross-examination, plaintiff not being prejudiced in any event since the jury found that defendant was negligent.

2. **Rules of Civil Procedure § 50— judgment notwithstanding verdict — sufficiency of evidence**

   Upon a motion for judgment *non obstante veredicto* under G.S. 1A-1, Rule 50(b)(1), the sufficiency of the evidence upon which the jury based its verdict is drawn into question.

3. **Automobiles § 47— indisputable physical fact — testimony by defendant**

   In this wrongful death action arising out of an automobile collision, defendant's testimony to the effect that the approximate distance from an intersection to the scene of the collision was 75 to 100 feet was not an "indisputable physical fact" that negated defendant's other testimony that he did not begin passing decedent's car until after he passed the intersection and was not sufficient to justify taking the case from the jury.

4. **Rules of Civil Procedure § 50— alternative motion for new trial — discretion of trial judge**

   The denial of a motion in the alternative for a new trial lies within the discretion of the trial judge and will not be disturbed on appeal unless a clear abuse of discretion is shown.

APPEAL by plaintiff from *Exum, Superior Court Judge,* 5 October 1970, Civil Session, DAVIDSON County General Court of Justice, Superior Court Division.

Plaintiff, as Administrator of the Estate of G. F. Coppley, deceased, filed a complaint against the defendant seeking to recover for personal injuries, property damage, and the wrongful death of G. F. Coppley arising out of an automobile accident on 8 February 1969 between the deceased and the defendant.

Plaintiff's evidence tended to show that the deceased was driving south on N. C. Highway No. 150 about 11½ miles north of Lexington, North Carolina at a speed of 40 to 45 miles per hour. The defendant came up on the deceased from the rear and ran into the rear of the Coppley vehicle and knocked it off the highway, resulting in the damages complained of and the death of G. F. Coppley. At the time of the accident there was a light rain falling and the road was wet. The deceased had a history of heart trouble and had been in the hospital for heart failure a month prior to the accident.

The defendant's evidence tended to show that the defendant had come up on the car driven by the deceased and had been following him for 1½ to 3 miles. After he had passed the intersection of Rural Road No. 1551, the defendant attempted to pass the car driven by the deceased; but as he did so, the deceased veered into the left lane striking the defendant's car and causing him to lose control. The defendant testified that as he attempted to pass the deceased's car, he was traveling at a speed of 50 to 55 miles per hour.

The trial judge submitted the issues of negligence and contributory negligence to the jury and the jury returned a verdict finding that the plaintiff's intestate was injured and damaged by the negligence of the defendant and that the plaintiff's intestate, through his own negligence, contributed to his injuries and damage. From a judgment that the plaintiff recover nothing of the defendant, the plaintiff appeals to this Court.

*Stoner, Stoner and Bowers by Bob Bowers for plaintiff appellant.*

*Walser, Brinkley, Walser & McGirt by Charles H. McGirt for defendant appellee.*

CAMPBELL, Judge.

[1] Plaintiff's first assignment of error is directed to the denial of his motion to strike the testimony of the defendant regarding the reasonableness of the defendant's speed at the time he was attempting to pass, for that it was not responsive. This assignment of error is without merit as the record shows that the testimony was elicited by the plaintiff during cross-examination and came as a result of argument with the witness by the plaintiff and hence the unresponsiveness. Moreover, there is no showing of prejudice as the jury answered the issue of defendant's negligence in favor of the plaintiff.

[2] Plaintiff next assigns as error the failure of the trial judge to grant plaintiff's motion for judgment *non obstante veredicto* or in the alternative a new trial. Upon a motion for judgment *non obstante veredicto* under G.S. 1A-1, Rule 50(b) (1), the sufficiency of the evidence upon which the jury based its verdict is drawn into question. All of the evidence which supports defendant's claim must be taken as true and considered in the light most favorable to defendant, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in defendant's favor. *Horton v. Insurance Co.,* 9 N. C. App. 140, 175 S.E. 2d 725 (1970), *Musgrave v. Savings & Loan Assoc.,* 8 N. C. App. 385, 174 S.E. 2d 820 (1970).

[3] Here, the evidence was sufficient to carry the case to the jury. Defendant's testimony to the effect that the approximate distance from the intersection of Rural Paved Road No. 1551 to the scene of the collision was 75 to 100 feet is not an "indisputable physical fact" that will negate defendant's other testimony that he did not begin passing until after he passed the intersection. This testimony is not sufficient to justify taking the case from the jury. It was only an estimation on the part of the defendant and insofar as it creates a conflict in his testimony, it must be resolved in his favor in passing on a motion

for a directed verdict or a motion for judgment notwithstanding the verdict.

[4]   The denial of the motion in the alternative for a new trial lies within the discretion of the trial judge. An action of the trial judge as to a matter within his judicial discretion will not be disturbed unless a clear abuse of discretion is shown. *Whaley v. Rhodes,* 10 N. C. App. 109, 177 S.E. 2d 735. No abuse of discretion has been shown and the denial of the motion for a new trial must be upheld.

Plaintiff's remaining assignments of error relate to alleged omissions on the charge. We have reviewed the charge and find it to be adequate and free of prejudicial error.

The evidence was conflicting and the trial court properly submitted the conflict to the triers of fact who found against the plaintiff.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges BRITT and HEDRICK concur.