MARION C. NORWOOD v. SHERWIN-WILLIAMS COMPANY, A CORPORATION INCORPORATED UNDER THE LAWS OF THE STATE OF OHIO AND DOING BUSINESS IN NORTH CAROLINA

No. 57

(Filed 8 July 1981)

1. **Negligence §§ 52.1, 53.8 — plaintiff as invitee — duty of care owed by proprietor**

   Plaintiff was an invitee on defendant's premises because her purpose for entering defendant's store was to purchase goods, and defendant proprietor owed its invitees the legal duty to maintain its aisles and passageways in such condition as a reasonably careful and prudent person would deem sufficient to protect its patrons while exercising ordinary care for their own safety.

2. **Negligence § 57.5 — store keeper — failure to maintain premises in safe condition — sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury on the issue of defendant's negligence in plaintiff's action to recover for injuries sustained in its store where the evidence tended to show that defendant created an unsafe condition in its store by placing a platform at the end of a crowded aisle so that one corner of the pallet protruded three to six inches into the aisle; the pallet was raised about four inches from the floor and the plywood top overhung the base by three or four inches; there was no kickboard to prevent plaintiff's foot from catching underneath the corner of the platform; the edges of the platform were not painted and were not readily distinguishable from the color of the floor; lighting in the store was poor and the areas at the edges of

Norwood v. Sherwin-Williams Co.

the aisles shadowy; and defendant placed a display upon the platform and items along the aisle which were designed and intended to draw the customer's attention upward and away from the floor.

**3. Negligence § 58—customer's failure to look at floor—no contributory negligence as matter of law**

In an action by plaintiff to recover for injuries sustained when she tripped over a platform in the aisle of defendant's store, the trial court erred in entering judgment n.o.v. for defendant on the ground that the evidence showed that plaintiff was contributorily negligent as a matter of law, since plaintiff offered evidence that the extension of the platform into the aisle was not obvious due to poor lighting and lack of contrast between the platform and the floor; there was evidence that the display and the placing of impulse items along the aisle were intended to attract and keep the customer's attention at eye level; such evidence was sufficient to permit the inference that the corner of the pallet would not have been obvious to one exercising ordinary care; and it could not be concluded as a matter of law that a customer was contributorily negligent in not looking down at the floor.

**4. Negligence § 58.1—action by invitee—instructions proper**

In an action by plaintiff to recover for injuries sustained when she tripped over a platform in defendant's aisle, the trial court's instruction that "a customer is not contributorily negligent where the only way he or she could protect theirself [sic] would be to focus their attention towards the floor which a customer is not required to do" did not leave the jury with the impression that plaintiff was not under a duty to see what was obvious; rather, the trial court properly told the jury that plaintiff had a duty to see what the ordinary prudent person would have seen even though plaintiff was not required to focus her attention on the floor.

**5. Evidence § 50—expert medical opinion—admissibility**

There was no merit to defendant's argument that, because medical evidence concerned plaintiff's condition some thirteen months prior to trial, it was inadmissible or that an expert medical witness could give his opinion only as to plaintiff's condition at the time of trial and must base his opinion on personal knowledge of plaintiff's then existing condition, since the expert witness in this case testified as to his present opinion, not as to an opinion he had held at an earlier time, and, while his opinions were based on prior examination of the plaintiff, the expert witness testified that plaintiff's condition was permanent and his opinion was thus final.

ON appeal of right pursuant to G.S. 7A-30(2) of the decision of the Court of Appeals reported at 48 N.C. App. 535, 269 S.E. 2d 277 (1980), one judge dissenting, affirming judgment notwithstanding the verdict entered 2 April 1979 in favor of defendant by *Herring, Judge.* Trial proceedings were held at the 28 February 1979 Session of Superior Court, DURHAM County.

*Watson, King & Hofler, by Malvern F. King, Jr. and R. Hayes Hofler III, for plaintiff-appellant.*

*Haywood, Denny & Miller, by John D. Haywood and Charles H. Hobgood, for defendant-appellee.*

*Pollock, Fullenwider, Cunningham & Pittman, by Bruce T. Cunningham, Jr., for North Carolina Academy of Trial Lawyers, amicus curiae.*

CARLTON, Justice.

## I.

Plaintiff filed this suit for serious personal injuries sustained when she tripped over a raised platform in defendant's store. The gravamen of plaintiff's claim was the alleged negligence of defendant and its agents in constructing the pallet without a kickboard, in placing the platform in the store so that one of its corners extended several inches into the aisle, and in placing a display on the platform that drew the patrons' attention away from the floor and toward the display at approximately eye level. Defendant's answer denied negligence on its part, alleged that plaintiff's injuries were due solely to her own negligence in failing to keep a proper lookout and, as an alternative defense, alleged that plaintiff was contributorily negligent.

At trial plaintiff presented evidence which tended to show that she entered defendant's store shortly before noon on 9 November 1974 to purchase some art supplies for her daughter. After selecting the items she wished to purchase plaintiff walked toward some store employees and indicated that she wanted to pay for the goods. The employees motioned towards the cash register located at the rear of the store. To reach the check-out counter plaintiff walked down a crowded aisle about two and one-half feet wide which ran the length of the store from front to back. The floor along the sides of the aisle was cast in shadows. At the end of the aisle closer to the cash register was a raised pallet about three or four inches high on which a tall paint sprayer was displayed. The platform was approximately four feet square and had been placed "catty-cornered" to the aisle forming a diamond shape in relation to the aisle, and one of its corners protruded three to six inches into the aisle. As plaintiff reached

the end of the aisle she was looking toward the cash register and cashier. Although she saw the platform and paint sprayer out of the corner of her eyes she did not realize that the platform pro- truded into the aisle or that it did not have a kickboard. As she passed the paint sprayer plaintiff's left foot caught on the corner of the platform, causing her to stumble. Plaintiff let out a cry of pain. The injury did not tear her hose and produced only a drop of blood, but was extremely painful. Believing her injury not to be serious, plaintiff paid for her purchases and left the store.

Later that day the top of plaintiff's foot became red and swollen and she was unable to place weight on it. The foot con- tinued to swell and throb with pain and two days after the in- cident plaintiff visited the Watts Hospital Emergency Room. As a result of that visit plaintiff soaked her foot and wore an ace bandage but received no relief. Her foot and leg remained swollen, red and very painful. Over the months that followed plaintiff saw numerous doctors and was hospitalized several times for periods varying from a few days to almost two months and underwent several operations. Her condition was diagnosed as sympathetic or vasomotor dystrophy resulting from the injury to her foot. As a result of this condition, plaintiff's left leg and foot have atrophied and are smaller than her right leg and foot. Her left foot is now one and one-half inches shorter than her right foot. The muscles in her left foot have contracted and her toes have drawn up. Plaintiff is now able to walk but must use a special shoe and must wear a prosthetic stocking at all times, even when she sleeps. Although the pain and swelling have lessened, they are still present, and plaintiff is unable to work. Dr. Bassett, an orthopaedic surgeon at Duke University who treated plaintiff, testified that plaintiff has reached maximum im- provement and her condition is permanent.

Defendant's evidence contradicted that presented by plaintiff in two significant points. The manager and assistant manager of the store testified that the aisles were wide, well-lit, and free of merchandise and that the platform on which the paint sprayer was displayed was placed parallel to the end of the counter and was not protruding into the aisle.

Defendant's motions for directed verdict at the close of plain- tiff's evidence and at the close of all evidence were denied, and

the case was submitted to the jury on three issues: defendant's negligence, plaintiff's contributory negligence and damages. The jury concluded that defendant was negligent and that plaintiff was not contributorily negligent and awarded plaintiff damages in the amount of $90,000. Defendant then moved pursuant to Rules 50(b) and 59 of the N.C. Rules of Civil Procedure for judgment notwithstanding the verdict and, in the alternative, for a new trial. Judge Herring granted defendant's motion for judgment notwithstanding the verdict, denied the alternative motion for new trial and entered judgment for the defendant.

The Court of Appeals affirmed the entry of judgment for the defendant. In an opinion by Judge Webb in which Judge Hedrick concurred, that court held that "all the evidence shows the plaintiff was contributorily negligent" because it showed that plaintiff failed to keep a proper lookout. 48 N.C. App. at 536, 269 S.E. 2d at 278. Judge Wells argued in dissent that the evidence taken in the light most favorable to the plaintiff showed that defendant designed the display to attract a customer's attention to the paint sprayer and away from the floor and that defendant gave no warning. Under these circumstances, the unsafe condition caused by the protruding platform was not obvious and plaintiff was not required "to anticipate that defendant's display would be mounted on a pedestal not flush with the floor, protruding in such a way that if she did not tiptoe around it, she might catch her foot underneath." *Id.* at 541, 269 S.E. 2d at 280. Judge Wells concluded that the issue of contributory negligence was for the jury and that its verdict must stand.

Plaintiff gave notice of appeal of right to this Court on 3 October 1980.

Other facts pertinent to this decision will be set forth below.

II.

We first consider whether the Court of Appeals properly affirmed the trial court's entry of judgment notwithstanding the verdict in favor of defendant. That ruling was proper only if evidence at trial, when taken in the light most favorable to the plaintiff and with the benefit of all favorable inferences, either failed to create a prima facie case of defendant's negligence or established beyond question that plaintiff's own negligence caused

Norwood v. Sherwin-Williams Co.

her injuries. *See Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973); *Brokers, Inc. v. High Point City Board of Education,* 33 N.C. App. 24, 234 S.E. 2d 56, *cert. denied,* 293 N.C. 159, 236 S.E. 2d 702 (1977).

## A.

[1] The legal duty owed by defendant to plaintiff depends upon her status as an invitee or licensee. Here, plaintiff was an invitee on defendant's premises because her purpose for entering the store was to purchase goods, *Morgan v. Great Atlantic & Pacific Tea Co.,* 266 N.C. 221, 145 S.E. 2d 877 (1966), and, as such, defendant owed to plaintiff the duty to exercise ordinary care to keep its store in a reasonably safe condition and to warn her of hidden dangers or unsafe conditions of which it had knowledge, express or implied, *Long v. Methodist Home for Aged, Inc.,* 281 N.C. 137, 187 S.E. 2d 718 (1972); *Wrenn v. Hillcrest Convalescent Home, Inc.,* 270 N.C. 447, 154 S.E. 2d 483 (1967). More apposite to this case, a proprietor owes its invitees the legal duty to maintain its aisles and passageways in such condition as a reasonably careful and prudent person would deem sufficient to protect its patrons while exercising ordinary care for their own safety. *Harrison v. Williams,* 260 N.C. 392, 132 S.E. 2d 869 (1963). Failure to conform to this standard of care is negligence. W. Prosser, *Law of Torts* § 143 (4th ed. 1971).

[2] Our review of the record indicates that plaintiff made out a prima facie case of a breach of defendant's duty to maintain its store premises in a reasonably safe condition and, therefore, that the issue of negligence was properly submitted to the jury. When taken in its most favorable light, plaintiff's evidence tends to show that defendant created an unsafe condition in its store by placing a platform at the end of a crowded aisle so that one corner of the pallet protruded three to six inches into the aisle. The pallet was raised about four inches from the floor and the plywood top overhung the base by three or four inches. There was no kickboard to prevent plaintiff's foot from catching underneath the corner of the platform. The edges of the platform were not painted and were not readily distinguishable from the color of the floor. Plaintiff's evidence indicates that the lighting in defendant's store was poor and the areas at the edges of the aisles shadowy.

The evidence also indicates that the display was designed to attract the customer's attention at eye level and away from the floor. Additionally, defendant's own evidence shows that certain small items known as "impulse items" were placed along the aisle counter and behind the cash register. The impulse items "are designed to attract the attention of a customer. They are placed high where [a customer's] eyes will follow them right in that back area where the wrapping counter is. They are designed to attract the attention of the customer." Plaintiff's evidence shows that defendant's employees built a raised platform and placed it so that one of its corners protruded into the aisle and placed a display upon the platform and items along the aisle which were designed and intended to draw the customer's attention upward and away from the floor. This evidence, when considered in the light most favorable to the plaintiff, is sufficient to create a prima facie case that the danger was not obvious and that defendant was negligent in creating an unsafe condition.

B.

[3] The Court of Appeals held that the judgment notwithstanding the verdict was properly entered because the evidence showed that plaintiff was contributorily negligent as a matter of law. That court based its holding on what it believed to be the well-established principle that "[a] plaintiff who trips or falls over an object on the premises of another is barred from recovery by his or her contributory negligence if the object is in a position at which the plaintiff would have seen it had he or she looked." 48 N.C. App. at 536, 269 S.E. 2d at 278. We disagree with both the statement of the rule and its application to the evidence adduced at trial. The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety. The question is not whether a reasonably prudent person would have seen the platform had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor.

When a defendant moves for a directed verdict on the grounds that the evidence establishes plaintiff's contributory negligence as a matter of law the question before the trial court is whether " 'the evidence taken in the light most favorable to

plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge.'" *Rappaport v. Days Inn, Inc.*, 296 N.C. 382, 384, 250 S.E. 2d 245, 247 (1979), *quoting Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E. 2d 506, 510 (1976); *accord, Hunt v. Montgomery Ward & Co.*, 49 N.C. App. 638, 272 S.E. 2d 357 (1980).

As a general rule one is not required to anticipate the negligence of others; in the absence of anything which gives or should give notice to the contrary, one is entitled to assume and to act on the assumption that others will exercise ordinary care for their own or others' safety. *Chaffin v. Brame*, 233 N.C. 377, 64 S.E. 2d 276 (1951); *Murray v. Atlantic Coast Line Railroad*, 218 N.C. 392, 11 S.E. 2d 326 (1940). Applying this principle to the facts of the case *sub judice*, plaintiff was contributorily negligent only if in the exercise of ordinary care she should have seen and appreciated the danger of the protruding platform. Stated more exactly, the question here is whether the evidence taken in the light most favorable to the plaintiff allows no reasonable inference except her negligence: that a reasonably prudent and careful person exercising due care for his or her safety would have looked down and seen that the corner of the platform extended into the aisle.

In our opinion the evidence adduced at trial is susceptible of a reasonable inference that the danger would not have been seen by a person exercising ordinary care. Plaintiff gave evidence that the extension of the platform into the aisle was not obvious due to poor lighting and lack of contrast between the platform and the floor. Although defendant offered contradictory evidence, plaintiff's evidence is sufficient to permit the inference that the corner of the pallet would not have been obvious to one exercising ordinary care. Additionally, there is evidence that the display and the placing of the impulse items were intended to attract and keep the customer's attention at eye level. When a merchant entices a customer's eyes away from a hazardous condition, we do not think he should be heard to complain when his efforts succeed. Likewise, when the designs of the merchant have the desired effect upon a customer, we cannot conclude as a matter of

law that the customer was contributorily negligent in not looking down at the floor.

Thus, we hold that plaintiff's evidence was sufficient to withstand defendant's directed verdict motion and to take her case to the jury. It follows that the entry of judgment notwithstanding the verdict was improper. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549.

### III.

In its brief before this Court defendant contends that should its judgment notwithstanding the verdict be reversed, it should be granted a new trial. As defendant correctly contends, this request is properly before us even though defendant did not take an appeal from the denial of its motion in the alternative for a new trial. Rule 10(d) of the North Carolina Rules of Appellate Procedure provides that:

> [w]ithout taking an appeal an appellee may set out exceptions to and cross-assign as error any action or omission of the trial court to which an exception was duly taken or as to which an exception was deemed by rule or law to have been taken, and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.

The defendant duly excepted to and cross-assigned as error the denial of its alternative motion for a new trial and the propriety of that ruling is properly before us.

Denial of a motion in the alternative for a new trial lies within the sound discretion of the trial judge and his decision will not be disturbed absent an abuse of discretion. *Coppley v. Carter*, 10 N.C. App. 512, 179 S.E. 2d 118 (1971). Defendant claims entitlement to a new trial on the ground of errors of law fully reviewable by this Court.

### A.

[4] Defendant first contends that the trial court erroneously instructed the jury on the law of contributory negligence to its prejudice. The statement in the jury charge to which defendant assigns error is, "A customer is not contributorily negligent where the only way he or she could protect theirself [sic] would

be to focus their attention towards the floor which a customer is not required to do." This statement, standing alone, might constitute reversible error. However, when it is read contextually, it becomes obvious that the statement merely clarifies plaintiff's duty to keep a proper lookout:

> I instruct you, members of the jury, that a customer in a store has a duty to exercise due care for her own safety and well being, and to see any hazards in her path which the ordinary prudent person in the exercise of due care or ordinary care would have done under the same or similar circumstances and a failure to do so is negligence.
>
> A customer is not contributorily negligent where the only way he or she could protect theirself [sic] would be to focus their attention towards the floor which a customer is not required to do. However, the customer does have an obligation to keep a lookout in her path of travel and to see what she ought to have seen as the ordinary prudent person would have done in the exercise of ordinary care under the same or similar circumstances.

The substance of this instruction is entirely correct and left, we think, no doubt in the jurors' minds of the standard of care required of the plaintiff.

Defendant cites to us the case of *Johnson v. Brand Stores, Inc.*, 241 Minn. 388, 63 N.W. 2d 370 (1954), in support of its contention that the instruction was erroneous. *Johnson* is a "trip-and-fall" case and the question there was whether the plaintiff was contributorily negligent in failing to see a scale which extended into the aisle of defendant's store. In its charge to the jury the trial court stated:

> The plaintiff customer was not required to fix her eyes upon the floor upon entering the store of the defendant, as though she expected to find an obstruction or obstacle on the floor, which she should avoid, unless you decide that a reasonably prudent person, under the particular facts and circumstances of this case, would have done so.

*Id.* at 390-91, 63 N.W. 2d at 372. In holding that the instruction was erroneous because it left the jury with the impression that

plaintiff was not required to see what was in plain sight, the Minnesota Supreme Court stated:

> The jury should be told that it was plaintiff's duty to see that which was in plain sight unless there was some excuse for not seeing. The question then is whether a person of ordinary prudence would have failed to observe the obstruction under the facts and circumstances of the case.

*Id.* at 393-94, 63 N.W. 2d at 374. In the case *sub judice* the trial court told the jury that plaintiff had a duty to see what the ordinary prudent person would have seen even though plaintiff was not required to "focus . . . on the floor." There is no danger here, as there was in *Johnson*, that the jury was left with the impression that the plaintiff was not under a duty to see what was obvious. While the trial judge could, perhaps, have chosen a better way to convey the law to the jury, the instruction, when read as a whole, was not prejudicial.

B.

[5] Defendant also contends that it is entitled to a new trial because the expert medical evidence of permanent injury was insufficient to support a jury verdict of $90,000. Defendant argues that because medical evidence concerned plaintiff's condition in January 1978, some thirteen months prior to trial, it was inadmissible. Defendant bases its claim of inadmissibility on the following statement contained in 31 Am. Jur. 2d Expert and Opinion Evidence § 1 at 494 (1967): "The opinion of an expert which must be taken as his evidence is his final conclusion at the moment of testifying and not his opinion at some previous time; unless it is final, the opinion is inadmissible."

According to defendant, this statement means that an expert medical witness can give his opinion only as to the plaintiff's condition at the time of trial and must base his opinion on personal knowledge of plaintiff's then-existing condition. We disagree. The above-quoted principle means only that an expert witness may testify only as to his present opinion and only if that opinion is final. *See In re Buck's Dependents' Case*, 342 Mass. 766, 175 N.E. 2d 369 (1961); *Hubach v. Cole*, 133 Ohio St. 137, 12 N.E. 2d 283 (1938). Here, the expert witness testified as to his present opinion, not as to an opinion he had held at an earlier time. Addition-

ally, while his opinions were based on prior examination of the plaintiff the expert witness testified that plaintiff's condition was permanent. Thus, his opinion was final and the opinion evidence was properly admitted.

In the absence of any error of law in the trial below, the decision of whether to grant a new trial was within the discretion of the trial court, and its decision will not be reversed absent abuse. *Coppley v. Carter*, 10 N.C. App. 512, 179 S.E. 2d 118. No abuse of discretion has been shown here; therefore, we affirm the trial court's denial of defendant's motion in the alternative for a new trial.

## C.

Doubtless, this is a close case, on the issues of both negligence and contributory negligence. The jury has, however, resolved the factual controversy. Appellate courts, absent error of law, are bound by the jury's verdict. Having found that the evidence at trial was sufficient to go to the jury and that no errors of law were committed, we hold that the judgment notwithstanding the verdict must be reversed and the jury verdict in favor of plaintiff reinstated. *Dickinson v. Pake*, 284 N.C. 576, 586, 201 S.E. 2d 897, 904 (1974); W. Shuford, *North Carolina Civil Practice and Procedure* § 50-10 (1975). Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court with instructions to remand to the Superior Court, Durham County, for entry of judgment in accordance with the jury verdict and judgment in favor of plaintiff.

Reversed and remanded.