BETTY M. HUSTEAD v. ROSE'S STORES, INC.

No. 8412SC830

(Filed 7 May 1985)

**Negligence § 57.10— sandals tied together—fall by customer—negligence by store**

    Plaintiff's forecast of evidence was sufficient to support an inference that plaintiff's injury was proximately caused by the negligence of defendant store and did not establish contributory negligence by plaintiff as a matter of law where it tended to show: defendant offered for sale sandals tied together in pairs so that anyone trying them on had limited mobility; as plaintiff tried on a pair of sandals, she was startled by defendant's clerk who was fast approaching her; in an effort to avoid a collision with defendant's clerk, plaintiff tried to move but was thrown off balance because her feet were hobbled by the sandals; and as a consequence plaintiff fell and was injured.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 12 June 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 3 April 1985.

This is a civil action wherein plaintiff seeks damages for injuries caused by the alleged negligence of defendant. The trial court granted defendant's motion for summary judgment from which plaintiff appealed.

*Cooper, Davis & Eaglin, by Paul B. Eaglin, for plaintiff, appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Patricia L. Holland, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment. The pleadings, depositions and interrogatories on file disclose the following: On 2 June 1982 plaintiff and her granddaughter went shopping at the Rose's store, Westwood Mall, Fayetteville. Plaintiff was looking for a pair of beach sandals, so after entering the store she walked to the shoe department. In the shoe department there was a table of plastic molded sandals tied together in pairs. As she stood in the aisle in front of the table, plaintiff picked up a pair of tied sandals and tried them on. While she was standing in the aisle with the sandals on she heard her granddaughter warn, "[w]atch out,

Grandma." Plaintiff turned and saw a store clerk with a box in her hands hurrying down the aisle toward her. Plaintiff, forgetting that her feet were hobbled by the tied sandals, attempted to move out of the clerk's way. Plaintiff lost her balance and fell, hitting her hand on the corner of the table. As a result of her fall, plaintiff suffered injury to her right hand manifested by pain and loss of function. Plaintiff stated that she did not see any chairs in the area where she could have sat and tried on the sandals.

The depositions of the Rose's clerks involved in the incident differ only in minor part from the testimony of plaintiff. Barbara R. Lewis, the clerk who passed plaintiff in the aisle before plaintiff fell, testified in her deposition that she approached plaintiff in the aisle walking at a slow pace and carrying a box of hangers. When she was about two or three feet away from plaintiff Ms. Lewis testified that she stopped and said "excuse me." After she excused herself the clerk walked on but turned and looked when she heard a noise behind her. Ms. Lewis said it appeared that plaintiff had grabbed a shelf and had her balance so the clerk continued on her way.

Summary judgment is rarely appropriate in negligence actions because ordinarily the jury has the duty to apply the reasonably prudent person standard of care to the facts presented. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982). The non-movant is entitled to any reasonable inference in his favor to be drawn from the evidence. Summary judgment should be denied if those inferences suggest different material conclusions. *Wilson Brothers v. Mobil Oil*, 63 N.C. App. 334, 305 S.E. 2d 40, *disc. rev. denied*, 309 N.C. 634, 308 S.E. 2d 718, 719 (1983). *See also Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E. 2d 559 (1981); *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979).

Here the evidence available to the court at the hearing on the motion for summary judgment gives rise to a reasonable inference suggesting that Rose's negligence proximately caused plaintiff's injury. The evidence also is sufficient to raise an inference that plaintiff's contributory negligence was a proximate cause of her injury, but the evidence is not sufficient for us to hold as a matter of law that plaintiff's claim was barred by her own contributory negligence. Plaintiff, the non-movant, has shown

that 1) defendant presented for sale a table of sandals that were tied together in pairs so that anyone trying them on had limited mobility; 2) as plaintiff tried on the sandals she was startled by defendant's clerk who was fast approaching; 3) in an effort to avoid a collision with defendant's clerk, plaintiff tried to move but was thrown off balance because her feet were hobbled by the sandals; and 4) as a consequence plaintiff fell and was injured. On the foregoing evidence reasonable men could differ as to whether defendant was negligent through its clerk and by tying the sandals together and its negligence was the proximate cause of plaintiff's injury or whether plaintiff was contributorily negligent in trying on the tied sandals as she stood in the aisle. It is for the jury to resolve these genuine issues of material fact. We therefore reverse the judgment of the trial court and remand this case for trial.

Reversed and remanded.

Judges WELLS and MARTIN concur.