Mainor v. K-Mart Corp.

---

HENRIETTA S. MAINOR v. K-MART CORPORATION

No. 8512SC211

(Filed 18 February 1986)

**1. Negligence § 57.5— shelves extending into store aisle—fall by customer—sufficiency of evidence of negligence**

   Evidence was sufficient to be submitted to the jury in an action to recover for injuries sustained by plaintiff when she fell in a store operated by defendant where the evidence tended to show that defendant displayed cookies at eye level for the purpose of attracting customers' attention; plaintiff was looking at the cookies and did not see metal shelves stacked on end against the end of the counter which extended approximately one inch into the aisle; plaintiff tripped over the shelves which then fell, causing her to fall on top of them

Mainor v. K-Mart Corp.

and suffer injury; and the jury could find from the evidence that employees of defendant stacked the shelves.

**2. Negligence § 58.1— fall in store by customer—instructions proper**

In an action to recover for injuries sustained by plaintiff when she fell in a store operated by defendant, the trial court's instructions correctly stated plaintiff's evidence and contentions, and the court properly refused to give defendant's requested instruction that there could be more than one proximate cause of the injury, since there was no evidence that there was any cause for plaintiff's injury other than defendant's negligence or plaintiff's contributory negligence.

**3. Damages § 17.4— future pain and suffering—instructions improper**

In an action to recover for injuries sustained by plaintiff when she fell in a store operated by defendant, the trial court erred in charging that the jury could award damages for future pain and suffering in the absence of expert testimony as to permanent injury.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 3 December 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 September 1985.

This is an action for injuries received by the plaintiff in a fall in a store operated by the defendant. Plaintiff's evidence showed that she and her husband entered the defendant's store on 16 October 1981. They walked to the aisle where cookies were displayed on shelves. Most of the cookies were displayed at eye level. There were some metal shelves stacked on end against the end of the counter. One of the shelves extended approximately one inch into the aisle. The plaintiff testified that she was following her husband as they passed the shelves and she did not see them. She was following her husband and was looking "at shoulder all the time; you know, looking directly, you know, at his shoulder. That's as far as I could see, my husband's shoulder." After the plaintiff and her husband had selected the cookies they wanted and were preparing to leave, the plaintiff took a step backward and tripped over the part of the shelves that were extended into the aisle. The shelves fell and she fell on them, causing her to be injured.

The jury answered issues of negligence and contributory negligence favorably to the plaintiff and awarded her damages in the amount of $65,000.00. The defendant appealed from a judgment entered on the jury verdict.

*Reid, Lewis & Deese, by Marland C. Reid, for plaintiff appellee.*

*Haythe & Curley, by Alexandra M. Hightower, Samuel T. Wyrick, III and Robert A. Ponton, Jr., for defendant appellant.*

WEBB, Judge.

[1] The defendant assigns error to the court's failure to grant its motion for directed verdict and its motion for judgment notwithstanding the verdict. We believe we are bound by *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E. 2d 559 (1981) to overrule this assignment of error. In *Norwood* the defendant operated a retail store in which a pallet extended three or four inches into the aisle. The plaintiff tripped over the pallet and our Supreme Court held there was sufficient evidence of negligence to be submitted to the jury. It held that the evidence did not establish contributory negligence as a matter of law. In that case there was evidence that the defendant had displayed certain items on its shelves so as to attract the attention of customers. The Court said it was a jury question as to whether a person using ordinary care would have looked down. In this case the plaintiff was looking at the cookies. Under *Norwood* we believe it is a jury question as to whether using ordinary care she should have looked down at the shelves.

The defendant argues that there was not sufficient evidence that it had placed the shelves in the position in which the plaintiff tripped on them or was aware they were in such a position for the jury to find it did so. It argues relying on *France v. Winn-Dixie Supermarket, Inc.*, 70 N.C. App. 492, 320 S.E. 2d 25 (1984), *disc. rev. denied*, 313 N.C. 329, 327 S.E. 2d 889 (1985) that there was not sufficient evidence of negligence to be submitted to the jury. In *France* the plaintiff slipped on pickle juice on the defendant's floor. There was no evidence that the defendant knew the pickle juice was on the floor. We believe *France* is distinguishable from this case in that in this case the jury could find from the evidence that employees of the defendant stacked the shelves.

[2] The appellant assigns error to the charge on the ground that the court incorrectly stated the plaintiff's evidence. The court charged the jury that: "the color of these shelves was such that they blended against the general background of the store and

therefore were not noticeable; that one without very specific and careful inspection could not determine whether they were in some way attached or secured or not . . . ." The appellee testified that the shelves were the same color as the counter and they blended with the background against which they were placed. She testified that there was no shelf or device to hold the shelves to the end of the cookie counter. The court correctly summarized this part of the evidence.

The appellant also contends the following part of the charge in which the court stated the plaintiff's contentions is not supported by the evidence:

> [T]he shelves, because they blended with the decor and because of the other distractions in the store and because of the fact that the condition was an unusual condition that one would not reasonably anticipate in the store, that the plaintiff in the exercise of reasonable care would not have had any particular reason to either look at these shelves or to pay them any particular note, and that it was not reasonable to expect a customer to pay the special attention to these shelves necessary to know that they were stacked in such a way that they could very easily have fallen, . . . .

The appellee testified that her attention was attracted to the cookies on the cookie counter, which were displayed at eye level, that there was nothing to draw her attention to the shelves at the end of the counter and that there were no cookies or any other merchandise displayed on the floor near the place at which the shelves were located. This testimony is evidence which supports this part of the charge.

The appellant also assigns error to the court's failure to give its requested instruction as to proximate cause. The court did not, as requested by the appellant, instruct the jury that there could be more than one proximate cause of the injury. The court charged the jury that the plaintiff could recover if the defendant's negligence was a proximate cause of the injury and that she could not recover if her contributory negligence was a proximate cause of the injury. The issues as to negligence and contributory negligence were clear. There was no evidence that there was any cause for the plaintiff's injury other than the defendant's negligence or the plaintiff's contributory negligence. There was

no prejudice to the defendant by the court's refusal to give this requested instruction.

[3] The appellant assigns error to the court's charge that the jury could award damages for future pain and suffering. We believe this assignment of error has merit. The rule in this State has been stated to be that if an injury

> is *subjective* and of such a nature that laymen cannot, with reasonable certainty, know whether there will be future pain and suffering, it is necessary, in order to warrant an instruction which will authorize the jury to award damages for permanent injury, that there "be offered evidence by expert witnesses, learned in human anatomy, who can testify, either from a personal examination or knowledge of the history of the case . . . that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering as a result of the injury proven" [citation omitted].

*Gillikin v. Burbage*, 263 N.C. 317, 326, 139 S.E. 2d 753, 760 (1965); *Brown v. Neal*, 283 N.C. 604, 197 S.E. 2d 505 (1973). In both *Brown* and *Gillikin* the plaintiffs had received back injuries and there was evidence of a ruptured disc in *Gillikin*. Both plaintiffs suffered pain from the time of the injuries until the trials. There was no expert testimony as to permanent injury. The Court said in each case that the injuries were subjective and without expert testimony it was error to allow the jury to award damages for future pain and suffering. The facts in both *Brown* and *Gillikin* are remarkably similar to the facts in this case. We believe we are bound by these two cases to hold it was prejudicial error to allow the jury to award damages for future pain and suffering.

The defendant also assigns error to the court's denial of its motion to strike certain testimony of two orthopedic surgeons, Dr. Stanly Gilbert and Dr. James Johnson. Dr. Gilbert testified that he treated the plaintiff beginning on 21 October 1981. She was suffering from hip pain. An x-ray revealed a small hairline fracture in a portion of the hip bone. This fracture was consistent with the history she had given him. On 16 November 1981 the hip pain was resolving but she complained of pain in her lower back. He testified that the pain in her lower back could have been caused by the fall but it was troublesome that the back pain did not become severe enough for her to call it to his attention until a

month after the fall. A myelogram was performed which revealed a small disc herniation which was of no clinical significance. In his opinion it did not produce any symptoms. The defendant requested the court to instruct the jury to disregard all testimony regarding the disc injury. The court denied this request and the defendant assigns this as error. This testimony as to a disc herniation was not prejudicial to the defendant and it was not error to deny the motion to strike it.

Dr. Johnson testified that he began treating the plaintiff on 21 July 1982. He made a diagnosis of "back strain, contusions on her hip, and a possible mild herniated disc." He testified that her complaints were consistent with her fall as she described it. The defendant moved to strike the testimony of Dr. Johnson as to the relation of the plaintiff's pain to the fall and assigns error to the court's failure to do so. This testimony expressed his opinion as to the connection of the fall to the plaintiff's symptoms. It was not helpful to the plaintiff to a large extent and we find no error in its admission.

The defendant also assigns error to the admission of testimony by the plaintiff's employer at the time of the accident. He testified that the plaintiff had been approved by the State of North Carolina to work as a supervisor in charge in a family care home. The defendant contends this was hearsay testimony. There is nothing in the record to show the witness did not know of his own knowledge that the plaintiff was approved by the State to work as a supervisor in charge. We cannot hold this was hearsay testimony.

We have held that there was error only as to the damage issue. In our discretion we award a new trial only as to this issue. The judgment as to liability is affirmed.

New trial on issue of damages.

Judges JOHNSON and PHILLIPS concur.